**JOHN HANCOCK MUT. LIFE INS. CO. v. DE COSTA.**

No. 5875.

Circuit Court of Appeals, Third Circuit.

Jan. 16, 1936.

Rehearing Denied Feb. 6, 1936.

Charles M. Willits, Frank Shunk Brown, and Brown & Williams, all of Philadelphia, Pa., for appellant.

Joseph L. Wase and Morris W. Kolander, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The appellee brought an action in assumpsit upon a policy of life insurance issued upon the life of her husband. She sued for the principal benefit of $5,000, for disability benefits of $50 per month, and for the return of two quarterly premiums. She alleged that about April 1, 1933, the insured contracted a mental disease which totally and permanently incapacitated him until his death on February 27, 1934; that she notified the appellant on or about April 7, 1933; and that she made two further premium payments in April and July, 1933. The defenses were that the policy lapsed on November 7, 1933, for nonpayment of the October premium; that the insured was not totally disabled until a period more than three months after the lapse of the policy; and that the insured failed to give appellant notice or due proof of his disability. The policy contained the following provision:

"If after the first premium or regular installment thereof shall have been paid hereunder and under the policy, the Insured prior to the anniversary of the policy nearest his sixtieth birthday shall become wholly and permanently disabled by bodily injury or disease sustained or contracted after the date hereof, so that thereby he will be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit whatsoever, then, if there is no premium in default, and the policy is not being continued as paid-up or extended insurance under the non-forfeiture provisions thereof, the Company will upon receipt of due proof of such disability grant the following benefits subject to the terms and conditions herein set forth.

"Beginning with the anniversary of the policy next succeeding the commencement of such disability the Company will waive the payment of further premiums during the continuance of the disability, and will pay to the Insured, from the date of the commencement of such disability, or to the beneficiary if disability results from insanity, subject to the conditions and limitations of this provision, with the written consent of the assignee, if any, a sum equal to one per centum of the face amount of the policy exclusive of any policy additions, and a like sum monthly thereafter during the continuance of the disability, until the maturity of the policy * * *."

The defense rested upon the theory that, as a matter of law, due proof of disability was a condition precedent to recovery and that insanity did not exclude the presenting of due proof. It also defended upon the ground that it in fact never received notice or due proof. At the conclusion of the case, the appellant, in furtherance of its theory, submitted, inter alia, the following point for charge: "If you find the insured was totally and permanently disabled on October 7, 1933, yet nevertheless due proof thereof was not furnished to and received by defendant subsequent to disability and prior to the

date of default, then the plaintiff is not entitled to recover anything and your verdict must be in favor of the defendant."

The court refused this point but charged: "You will take this policy out with you. I am not going to charge that as a matter of law, members of the jury. I am going to ask you to read that policy yourselves and come to a conclusion as to whether the subsequent or prior notice should govern. That is an interpretation of the policy that is for you, and I give that to you with the explanation that the cause set forth by the plaintiff is one of mental disability and not physical disability."

The jury were thereby instructed that it was their duty to construe the written instrument—an instruction clearly erroneous. As was stated by Chief Justice Marshall in Levy v. Gadsby, 3 Cranch, 180, 2 L.Ed. 404: "But in this case the question arises upon, a written instrument, and no principle is more clearly settled, than that the construction of a written evidence is exclusively with the court." We deem unnecessary further citation to the effect that it is the province of the court to construe written contracts and not the province of the jury. In the instant case the court should have given the jury clear and positive instructions as to whether due proof of disability was a condition precedent to the granting of the disability benefits provided by the contract of insurance; as to whether insanity of the assured avoided the necessity of giving due proof; and as to what constituted due proof. The refusal to give such instructions constituted substantial error.

The judgment is reversed with a venire de novo.