## JOHN HANCOCK MUT. LIFE INS. CO. v. DE COSTA.

### No. 6189.

Circuit Court of Appeals, Third Circuit.

Feb. 13, 1937.

Rehearing Denied March 8, 1937.

Ira Jewell Williams, Charles M. Willits, and Brown & Williams, all of Philadelphia, Pa., for appellant.

Joseph L. Wase and Morris W. Kolander, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. Roscella De Costa, the appellee herein, brought an action in assumpsit in a Pennsylvania state court against the appellant upon a policy of life insurance issued upon the life of her husband. She claimed death benefits and disability benefits. Upon application of the appellant the suit was removed to the court below. A trial by jury resulted in a dis-agreement. Upon a second trial the appellee had a verdict and recovered judgment, but we reversed and sent the case back for a new trial because of error in the charge. John Hancock Mut. Life Ins. Co. v. De Costa (C.C.A.) 81 F.(2d) 390. For the terms of the policy in issue see our opinion in that case. The third trial resulted in a verdict and judgment for the appellee. This appeal is from the judgment entered upon the verdict upon that trial.

The jury were instructed, in a careful and comprehensive charge, to find for the appellee if they found that the assured prior to the expiration of the grace period for the payment of the premium became totally and permanently disabled and if they found that the appellant received due proof of this disability. The verdict for the appellee therefore establishes the fact that the assured was totally and permanently disabled prior to the lapse of the policy. This leaves as the only question for our determination whether the trial court erred when it charged as a matter of law that the letter or letters alleged to have been sent by the appellee, if received by the appellant, constituted due proof of disability sufficient to comply with the conditions of the policy, and that, even if the letter or letters were not received, the insanity of the assured excused the giving of notice. We find no error in either of those rulings. If the appellant intended to require more than a notification as to the disability of the assured, it could and should have drafted and set out in the policy such a clear and precise definition of "due proof" as would inform the assured what would constitute proof satisfactory to the company. It cannot now be heard to complain that a letter which stated that the assured's mind was gone and that he was permanently disabled, and which requested that a doctor be sent to examine the assured and that an explanation of the rights under the policy be given the appellee, does not comply with the requirements of the policy as to due proof. Nor do we find error in the trial court's ruling as to the effect of insanity. There are without doubt two lines of authority on this debatable question. The trial court adopted the construction followed by many state and federal courts and which we follow, to the effect that a condition precedent requiring proof of disability is excused where its performance is impossible, as where the

480

assured is insane during the period when proof should have been furnished.

We find no reversible error. The judgment of the court below is affirmed.